UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORSE. <br><br> Petitioner, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS, <br><br> Respondent. | No. 1:17-cv-00296-JLT (HC) <br><br> **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** <br><br> **FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS UNEXHAUSTED PETITION** <br><br> **[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a petition for writ of habeas corpus on February 22, 2017, in the Sacramento Division of this Court.  Because Petitioner filed a form habeas petition and he was convicted in the Kern County Superior Court, the petition was transferred to the Fresno Division. However, the petition does not challenge the underlying conviction. Rather, it presents various claims concerning the conditions of his confinement. For this reason, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Civil Rights Claims

Petitioner does not challenge his conviction. Rather, he presents various vague complaints concerning the conditions of confinement. To the extent his claims can be discerned, it appears Petitioner alleges he suffers from multiple disabilities due to officer brutalities, excessive force, and inhumane treatment. (Pet. at 5.) He also appears to complain of interference with his legal mail, harassment, and retaliation. (Pet. at 5.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. Moreover, the claims appear to stem from actions which occurred in the California State Prison in Sacramento, and venue would therefore lie in Sacramento. Finally, Petitioner appears to raise claims related to conditions he is currently experiencing. Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.  Petitioner is advised that to the extent he is challenging the conditions of his confinement in Sacramento, the proper venue for his complaint is the Sacramento Division of this Court.

**ORDER**

The Court ORDERS that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the habeas corpus petition be **DISMISSED** and the Clerk of Court be **DIRECTED** to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 3, 2017**            /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE